IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVOND D. PIPES,

      Plaintiff,

    v.

SHERIFF JANE DOE and
NURSE STACY SWINT,

      Defendants.

ORDER

Case No. 17-cv-398-wmc

---

*Pro se* plaintiff David Pipers is proceeding against defendants Stacy Swint and Jane Doe on claims that they provided him the wrong medication. On July 19, 2019, defendant Jane Doe filed a motion for summary judgment for failure to exhaust administrative remedies, and defendant Swint joined that motion on July 21, 2019. (Dkt. ##32, 37.) The court set August 9, 2019, as plaintiff's deadline to respond to defendants' motion. On August 20, 2019, after plaintiff failed to respond by that deadline, defendant Swint moved to dismiss under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The court then gave plaintiff until October 2, 2019, to file a response to defendants' motion for summary judgment, warning him that his failure to respond would result in the court granting defendants' motion as unopposed and dismissing this lawsuit without prejudice. (Dkt. #43.) That deadline, too, has passed, and Pipes has not responded or contacted the court seeking an extension of that deadline, nor has he updated his address.

Pipes may not have received the court's orders or defendants' motions because when the court mailed Pipes his briefing deadline for defendants' motions for summary judgment, it was returned as undeliverable. However, it is not the obligation of either the court or the clerk's office to search for litigants; rather, it is the litigant's responsibility to advise the court

of any change to his or her contact information.  *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593, 2008 WL 4922422 (7th Cir. 2008) (affirming denial of a Rule 60(b) motion where movants claimed they did not receive notice of summary judgment due to a house fire, adding that "all litigants, including pro se litigants, are responsible for maintaining communication with the court"); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of the lawsuit.").  Indeed, the court warned Pipes that his failure to apprise the court of his current address could cause the court to dismiss his case for failure to prosecute.  (Dkt. #18 at 8.)  Accordingly, since it is now apparent that Pipes has abandoned this lawsuit, the court now will grant defendants' motion as unopposed and dismiss this lawsuit with prejudice for failure to prosecute.

## ORDER

IT IS ORDERED that:

1)  Defendants' motion for summary judgment (dkt. #32) and motion to dismiss (dkt. #41) are GRANTED as unopposed, and plaintiff's claims are dismissed with prejudice for failure to prosecute.

2)  The clerk of court is directed to enter judgment accordingly and close this case.

Dated this 23rd day of October, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

2